**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HOWARD BELLINGHAM,

Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

Defendants.

25 Civ. 3711 (RMB)

**DECISION AND ORDER**

**Background**

Defendant New York State Unified Court System has moved to dismiss Plaintiff Howard Bellingham's claim of discrimination on the grounds that Plaintiff's case is untimely. Def.'s Mot. to Dismiss, Dkt. Nos. 15–16 (dated Dec. 16, 2025). Specifically, Defendant asserts that Plaintiff failed to file his claim with the Equal Employment Opportunity Commission ("EEOC") "within 300 days of the alleged unlawful act." *Id.* at 6. Defendant contends that "[e]ven if the EEOC was dilatory in assisting Plaintiff in commencing a charge, such actions do not equitably toll the 300 day statute of limitations."[1] *Id.*

Plaintiff alleges that Defendant "failed to reasonably accommodate Plaintiff's sincerely held religious objections to a mandatory COVID-19 vaccination policy, wrongly denied his requested religious exemption, and as a result illegally terminated his employment [on April 7, 2022]." Compl. ¶1. Plaintiff contends that he was unable to present his EEOC charge within 300 days because "of the incompetence of the EEOC." Pl.'s Opp'n, Dkt. No. 20 at 9 (dated Jan. 12, 2026). Plaintiff states that at his initial interview with the EEOC in May 2022, he was told "to watch the

[1] Before filing suit in federal court, a plaintiff must first exhaust his administrative remedies by filing a formal charge with the EEOC within 300 days of the alleged discriminatory action (e.g., termination). *See* 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed his charge of discrimination with the EEOC on June 9, 2023, i.e., 422 days after he was allegedly terminated by Defendant. Pl.'s Opp'n at 5.

[EEOC] portal to file a charge once [the EEOC] review is done and they ready the charge."[2] *Id.* at 8. But there was "no change in Plaintiff's [EEOC] portal" for the entire year following his interview. *Id.* Plaintiff also contends that he "called [the EEOC] twice a week for one year and no one returned his calls." *Id.* at 9. In May 2023, "[a]ll information in Plaintiff's [EEOC] case portal disappear[ed] and Plaintiff [could] no longer review documents regarding his case." *Id.* at 8–9. Plaintiff says he "received an email from the EEOC where *they admitted that they were not able to assist Plaintiff in a timely manner*." *Id.* at 9 (emphasis in original).

As a result, according to Plaintiff, he is entitled to rely upon the doctrine of "equitable tolling" which would enable him "to file his . . . claim outside the 300–day period where equity so requires." *Jacobs v. SUNY at Buffalo Sch. of Med.*, 204 F. Supp. 2d 586, 591–92 (W.D.N.Y. 2002). To qualify for equitable tolling, Plaintiff must have: "(1) [] acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) [] proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). "[T]o withstand a motion to dismiss based on a statute-of-limitations defense, a plaintiff need only plead facts that plausibly suggest equitable tolling should apply." *Shin v. NBC Universal Media, LLC*, 2025 WL 438297, at *8 (S.D.N.Y. Feb. 7, 2025).

**Ruling**

The Court finds that Plaintiff is entitled to rely upon equitable tolling on the facts of this case, namely the assertions that the EEOC's delay and failure to respond caused him to miss the 300-

---

[2] The "EEOC's Public Portal enables individuals to submit online inquiries and online requests for intake interviews with EEOC, and to submit and receive documents and messages related to their EEOC charge of discrimination." *EEOC Public Portal*, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/eeoc-public-portal.

day deadline to file his charge. At the motion to dismiss phase of the litigation, "[g]enerally courts do not penalize litigants for EEOC's mistakes." *Harris v. City of New York*, 186 F.3d 243, 248 n.3 (2d Cir. 1999). "[W]here the EEOC, not the plaintiff, was [allegedly] derelict in its duties, equitable tolling may apply." *Jacobs*, 204 F. Supp. at 592–93; *see also Bartniak v. Cushman & Wakefield, Inc.*, 2001 WL 1505501, at *5 (S.D.N.Y. Nov. 27, 2001); *Simmons v. Terrace Healthcare Ctr., Inc.*, 2004 WL 555708, at *1 (S.D.N.Y. Mar. 19, 2004).

Here, Plaintiff was "told by the [EEOC] that [he] needed to wait for the investigation to be completed." *Bartniak*, 2001 WL 1505501, at *5. Plaintiff "made several attempts . . . to follow-up on the status of [his] claim." *Id.* Plaintiff also alleges that "no one returned his calls" and that the EEOC "admitted that they were not able to assist Plaintiff in a timely manner." Pl.'s Opp'n at 9, 11. Plaintiff also alleges that "the EEOC had staffing issues." *Id.* at 11. The Court also observes that administrative agencies may have been experiencing staffing issues and delays. *See, e.g.*, Minho Kim, *Public Records Requests Are Surging. The Government Is Falling Behind*, N.Y. Times (Jul. 30, 2026), https://www.nytimes.com/2026/07/29/us/politics/foia-public-document-requests.html ("Federal agencies . . . accumulated a backlog of overdue requests of nearly 340,000 as of Sep. 30, 2025.").

In sum, when viewing the pleadings in the light most favorable to the Plaintiff, there are sufficient facts to "plausibly suggest equitable tolling should apply" to the 300-day deadline. *Shin*, 2025 WL 438297 at *8.

**Conclusion**

For the foregoing reasons, the Defendant's motion to dismiss [Dkt. No. 15] is denied. The parties are referred to the Magistrate Judge for general pretrial management, including developing a case management plan concluding with a trial date of July 5, 2027.

Dated: August 19, 2026
New York, New York

Richard M. Berman

**RICHARD M. BERMAN, U.S.D.J.**